Mr. Justice Hag-nrr
delivered the opinion of the Court: This is a bill in equity to enforce mechanics’ liens filed by Brown the general contractor, and Manning & Whiting, subcontractors, for work claimed to have been done on a dwelling built for Mrs. Boker, the defendant. Although many complaints had been made as to the manner in which the work had been done, Mrs. Boker entered into possession of the house one month in advance of the time the contractor was bound to deliver possession ; and this circumstance, with others are relied upon by the complainants as evidence that she finally acquiesced in the sufficiency of the work, and had accepted it and agreed to pay for it. These differences between the parties are the subject of a great deal of testimony ; some of which was given by experts who visited the house at the request of the defendant, and' who found fauF with many features in the execution of the work.
*102 The case was carefully examined below and the court made a decree reducing by a sum of ninety odd dollars the claim of Brown, the contractor, and allowing in full the claim of Manning & Co., the subcontractors for their work as plumbers.
One of the defences relied upon by the complainants was, that by the terms of the contract and specification, the architect was charged with the duty of determing whether the work was properly performed according to the contract, and that his certificate to that effect given in this case should be final. There are some peculiar expressions used in this part of the contract which make it more than doubtful whether this would be a sufficient response.
We have given a thorough examination to the case, and are of the opinion that justice was done by the decree below, and that it should be affirmed. But in the course of the pleadings Mrs. Boker filed a cross bill in which she averred these irregularities and imperfections in the work, insisted she had been much inj ured by them and claimed the right to recover damages in that action against the complainants. The cross bill was demurred to, and' the demurrer sustained, with leave to Mrs. Boker to institute an action at law to recover any such damages.
In affirming this judgment, we think there is enough in the case to render it proper to make a similar reservation. We will amend the decree below by expressly reserving the right to Mrs. Boker to bring an action at law within a short time, if she sees fit to do so; but as a considerable interval has elapsed since the inception of this transaction, and the Statute of limitations might otherwise apply to the defendant’s claim, we will decree that if this suit is brought within three months the Statute of limitations shall not be pleaded to the .action by the complainants.
The decree will read in this way: “This cause coming on to be heard, and being argued by counsel, and the proceedings having been by the court considered: It is thereupon this ninth day of July, 1891, adjudged, ordered and decreed, that the decree of the equity court in this cause, passed on the *103 nth day of February, 1889, be and the same is affirmed, with a.privilege to the defendant to bring an action at law to enforce .the claim for damages set up by her in her cross bill; and this affirmance is upon the condition that the defendants to such suit shall not have the right to plead the Statute of limitations to such suit, provided the same be commenced within three months from this day.”
There is so much pressing upon us at this moment that we are not prepared to go into a particular discussion of the testimony, and we do not .think such an examination would be profitable or proper in view of the prospect that the same questions may be presented in the suit at law.

Decree affirmed with amendments as 'above.